A℘

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WELLS FARGO BANK, N.A., etc., )
)
Plaintiff, )
)
v. ) No. 07 C 465
)
KEVIN KELLEY, et al, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Kevin Kelley ("Kelley") has just removed this action from
the Circuit Court of Cook County to this District Court, seeking
to invoke federal subject matter jurisdiction on diversity of
citizenship grounds. Under the unusual circumstances posed by
this action, this Court is constrained to issue this sua sponte
opinion remanding the case to its place of beginning for lack of
such jurisdiction.

In the underlying mortgage foreclosure action, plaintiff
Wells Fargo Bank, N.A. as Trustee ("Wells Fargo") has followed
the common Illinois practice, which is intended to wipe out all
junior interests, of naming "Unknown Owners and Non Record
Claimants" as well as Kelley himself as defendants. Until the
enactment of the statutory amendment referred to at the end of
this paragraph, that practice--legally equivalent to the naming
of so-called "John Doe" defendants, which is followed extensively
in California state-court practice and in some other
jurisdictions--blocked the removal of some cases that would

otherwise potentially qualify for such action. That was so
because the practice created a possibility that one or more of
the unnamed defendants would share citizenship with the
plaintiff, thus destroying diversity (see, e.g., this Court's
opinion John Hancock Mut. Life Ins. Co. v. Cent. Nat'l Bank in
Chicago, 555 F.Supp.1026 (N.D. Ill. 1983)). That in turn led
Congress to amend 28 U.S.C. §1441(a)[1] by adding this provision:

> For purposes of removal under this chapter, the
> citizenship of defendants sued under fictitious names
> shall be disregarded.

In this instance Kelley purports to join such unnamed
defendants in his Notice of Removal ("Notice")--although his
purporting to do so on their behalf cannot be right, for it
really represents a contradiction in terms. But that aside, what
frustrates removal is the very nature of Kelley's claim: In the
introduction to the Notice, he asserts that the mortgage "was
taken in the name of KEVIN KELLEY by unknown third-parties and
monies obtained from the Plaintiff herein allegedly by fraud or
stolen identity."

As is typical of mortgage foreclosure actions, Wells
Fargo--suing as "the legal holder, agent or nominee of the legal
holder, of the indebtedness," with Option One Mortgage
Corporation ("Option One") having been the original

---

[1] All further references to Title 28 provisions will simply
take the form "Section--."

2

mortgagee[2]--seeks not only to enforce its lien on the real estate but also to realize on any deficiency that may eventuate at the foreclosure sale by obtaining a judgment, potentially in personam, against the mortgagor. And it will be remembered that Kelley alleges that original-lender Option One dealt with an impostor who had held himself out to be Kelley. Hence the "Kevin Kelley" whom Wells Fargo has named in its foreclosure Complaint is by definition that impostor, rather than the Kelley who has come to this District Court--and with Option One having paid a lot of good money to that impostor (Notice ¶II.B correctly quotes the underlying Complaint as containing an ad damnum in excess of $289,948.62), it is against that person that Wells Fargo must seek any default.

As is true of every court in the federal judicial system, this Court's initial obligation is to determine the existence or nonexistence of subject matter jurisdiction (see, e.g., <u>Wis. Knife Works v. Nat'l Metal Crafters</u>, 781 F.2d 1280, 1282 (7th Cir. 1986) and, most recently <u>Smoot v. Mazda Motors of Am., Inc.</u>, 469 F.3d 675, 676-77 (7th Cir. 2006)). Because Kelley's counsel

---

[2] If Wells Fargo is in fact suing as agent or nominee of Option One as the legal holder, rather than on its own behalf, both (1) the real party in interest provisions of Fed. R. Civ. P. 17(a) and (2) removal jurisprudence generally render the Notice's identification of Wells Fargo's dual corporate citizenship under Section 1332(c)(1) insufficient to establish the requisite diversity. If such were the case, Option One's dual corporate citizenship would also have to be identified as not posing any problem in that respect.

3

have understandably not been able to identify the unknown
impostor who assertedly acted fraudulently in obtaining the
mortgage loan, and because that leaves open the possibility that
the impostor may share citizenship with Wells Fargo (or perhaps
with Option One, if the situation is that referred to in n.2),
Kelley has not carried his burden of establishing the requisite
diversity.

That being the case, the provisions of Section 1447(c)
compel a remand because of the failure to establish subject
matter jurisdiction.  This Court so orders, and the Clerk is
ordered to mail the certified copy of the remand order forthwith.

_____
Milton I. Shadur
Senior United States District Judge

Date:  January 26, 2007

4